IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAYME ELAINE JOHNSTON,

Plaintiff,

vs.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, JOSEPH B. EDLOW, Director of United States Citizenship and Immigration Services (USCIS); LESLEY WOODS, United States Attorney for the District of Nebraska; TODD BLANCHE, Acting United States Attorney General; and MARKWAYNE MULLIN, Secretary of the Department of Homeland Security,

Defendants.

**4:26CV3091**

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Plaintiff Jayme Elaine Johnston has filed a Petition for Writ of Mandamus Under 28 U.S.C. § 1361 to compel the United States Citizenship and Immigration Service (USCIS) to conduct the allegedly unreasonably delayed adjudication of her I-601 Application for Waiver of Grounds for Inadmissibility because of her sincerely held moral beliefs against vaccines required for immigrants. Filing 1 at 1 (Introduction), 2 (¶ 4). Defendants have filed a Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Filing 14. For the reasons stated below, Defendants' Motion to Dismiss is granted.

## I. INTRODUCTION

Johnston alleges that she is a national of Canada who is married to a national of the United States and that she now resides in Oro Medonte, Ontario, Canada. Filing 1 at 2 (¶ 4). She asserts that she is eligible for an IR1 immigrant relative visa because of her bona fide marriage to a United States citizen. Filing 1 at 3 (¶ 10); Filing 16 at 1 (¶ 1). She alleges that on April 29, 2024, she filed an I-601 Application for Waiver of Grounds of Inadmissibility where her inadmissibility is due to

her moral beliefs against vaccinations of all kinds. Filing 1 at 3 (¶ 10); Filing 16 at 1 (¶ 1). She alleges that as of the date of filing of her Petition on March 17, 2026, her I-601 had been pending for about 1 year and 11 months. Filing 1 at 3 (¶ 10); Filing 16 at 1 (¶ 1). Thus, her I-601 has now been pending over 2 two years and 4 months. She alleges that although she has completed all prerequisites to adjudication, her application remains pending. Filing 1 at 3 (¶ 11); Filing 16 at 1 (¶ 2). She alleges that USCIS's delay is inconsistent with its processing times for similar applications, which typically conclude within six to eight months of receipt. Filing 1 at 3 (¶ 16); Filing 16 at 1 (¶ 7).

In her Petition for Writ of Mandamus under 28 U.S.C. § 1361, filed March 17, 2026, Johnston asserts,

> 19. Plaintiff has a clear and indisputable right to the relief requested. Under 5 U.S.C. § 706(1), the [Administrative Procedure Act (APA)] authorizes courts to compel agency action unlawfully withheld or unreasonably delayed. USCIS's failure to adjudicate Plaintiff's application violates its statutory obligations and denies Plaintiff the timely resolution to which she is entitled.
>
> 20. The Defendants owe Plaintiff a nondiscretionary duty to process and adjudicate her application within a reasonable time, as mandated by the [Immigration and Nationality Act (INA)], APA, and relevant regulations.

Filing 1 at 4 (¶¶ 19–20). Her claim for relief states the following:

> - Defendants' failure to make a determination on Jayme Elaine Johnston's Application for Waiver of Grounds of Inadmissibility within a reasonable period of time, notwithstanding her clear right to relief and Defendants' clear duty to adjudicate the application, entitles Jayme Elaine Johnston to petition this Court for a Writ of Mandamus pursuant to 28 U.S.C. § 1361.
>
> - Jayme Elaine Johnston seeks an order compelling Defendants to immediately grant or deny her application for waiver of grounds of inadmissibility, with the case number: LIN2490133943.

Filing 1 at 4 (¶ 23, subparts).

In her Petition, Johnston requests that the Court provide the following relief:

- Grant this petition and order Defendants to adjudicate plaintiff's application for waiver of grounds of inadmissibility, immediately;
- Grant Attorney's fees and costs under the Equal Access to Justice Act and/or other appropriate authority;
- Grant such other and further relief as may be appropriate.

Filing 1 at 5.

On May 26, 2026, Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and Brief in Support of Their Motion to Dismiss. Filing 14; Filing 15. The basis for Defendants' Motion is that 8 U.S.C. § 1252(a)(2)(B)(ii) strips federal courts of jurisdiction over challenges to the discretionary pace of adjudication of such applications. Filing 15 at 1. Johnston filed her response, styled "Reply to Defendant's [sic] Rule 12(b)(1) Motion to Dismiss," on June 4, 2026. Filing 16. On July 1, 2026, Defendants filed their Reply Brief in Support of Their Motion to Dismiss. Filing 19.

The Court finds that the parties' positions are fully presented in their written submissions so that oral argument would not be of assistance to the Court. Therefore, the Court deems the Motion to Dismiss fully submitted without oral argument. *See* NECivR 7.1(e) (stating in part, "In general the court does not allow oral argument or evidentiary hearings on motions.").

## II. LEGAL ANALYSIS

### A. Rule 12(b)(1) Standards

Federal Rule of Civil Procedure 12(b)(1) provides for a pre-answer motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "The plaintiff bears the burden of establishing subject matter jurisdiction." *Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023) (citing *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc)). "When considering a motion under Rule 12(b)(1), a court is to consider whether a party is asserting a 'facial attack' or a 'factual attack' on jurisdiction." *Smith v. UnitedHealth Grp. Inc.*, 106 F.4th

809, 813 (8th Cir. 2024) (citing *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016)). "The method in which the district court resolves a Rule 12(b)(1) motion . . . obliges [the Circuit Court of Appeals] to follow the same approach." *Animal Legal Def. Fund v. Reynolds*, 89 F.4th 1071, 1077 (8th Cir. 2024) (quoting *Carlsen*, 833 F.3d at 908).

Defendants here are bringing a "facial attack." Filing 15 at 3 (stating that Defendants are bringing a facial attack). "If [a Rule 12(b)(1) motion] is a facial attack, the court looks only at the pleadings and gives the non-moving party the same protections available under Rule 12(b)(6)." *Smith*, 106 F.4th at 813. According to the Eighth Circuit Court of Appeals, district courts "afford[ ] [the Plaintiff's] complaint Rule 12(b)(6) protection by accepting as true all facts alleged in the complaint." *Carlsen*, 833 F.3d at 908 (internal quotation marks and citations omitted); *but see Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (saying that when deciding a Rule 12(b)(6) motion, "[c]ourts may [also] consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." (internal quotation marks and citations omitted)). However, the "Rule 12(b)(6) safeguards" do not require a court to accept all the plaintiff's allegations as true. Courts still "giv[e] no effect to conclusory allegations of law," and "[t]he plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Cath. Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Thus, "[i]n a facial attack, 'a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction.'" *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) (quoting *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009)).

### B. The Parties' Arguments

Defendants argue that federal courts lack jurisdiction over challenges to actions relating to USCIS's discretionary adjudication of I-601s under 8 U.S.C. § 1252(a)(2)(B)(ii). Filing 15 at 1. They argue that this lack of jurisdiction applies to lawsuits challenging the pace of USCIS's discretionary adjudication. Filing 15 at 1. In support of their position, Defendants rely on *Thigulla v. Jaddou*, 94 F.4th 770 (8th Cir. 2024), and its progeny. Filing 15 at 4–5.

Based primarily on out-of-circuit and otherwise non-binding decisions, Johnston argues that the jurisdiction-stripping statute cited by Defendants applies only to a "decision or action" of the Secretary of Homeland Security, but it does not apply to the Secretary's nondiscretionary duty to render a decision. Filing 16 at 2. She argues further that the APA expressly authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." Filing 16 at 2 (citing 5 U.S.C. § 706(1)). Johnston argues further that the jurisdiction-stripping statute applies only to decisions specified to be in the discretion of the Secretary, but courts have concluded that USCIS does not have discretion to refuse to adjudicate an application or petition altogether. Filing 16 at 3. She argues that USCIS has an "obligation" under 8 U.S.C. § 1571(b)—or is at least under an "expectation"—to adjudicate applications within a reasonable time frame, generally within 180 days of filing. *Compare* Filing 16 at 2 ("The delay also violates USCIS's statutory obligation under 8 U.S.C. § 1571(b), which establishes a congressional mandate to process immigration benefits within a reasonable time.") *with* Filing 16 at 3 ("Although not mandatory, this provision reflects Congress's expectation that applications will be adjudicated rather than left pending indefinitely.").

In reply, Defendants reiterate that Circuit precedent includes the pace at which discretionary decisions are made within the scope of § 1252(a)(2)(B)(ii). Filing 19 at 3. They assert that this same reasoning applies to suits challenging the pace of I-601 adjudications. Filing 19 at

3. Defendants argue that Johnston relies on caselaw from outside of the Eighth Circuit that fails to distinguish the present matter from controlling precedent. Filing 19 at 4.

### C. Plaintiff Ignores Controlling Precedent

Contrary to Johnston's contentions, this case is controlled by the Eighth Circuit's decision in *Thigulla v. Jaddou*, 94 F.4th 770 (8th Cir. 2024), which Johnston fails even to mention. Although Johnson asserts a claim pursuant to the APA, "[t]he APA's right to judicial review does not apply when 'statutes preclude judicial review.'" *Thigulla*, 94 F.4th at 774 (quoting 5 U.S.C. § 701(a)(1)). Here, 8 U.S.C. § 1252 provides in part that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B)(ii).

With this statute, "Congress stripped federal courts of jurisdiction to review" the discretionary decisions specified. *Bouarfa v. Mayorkas*, 604 U.S. 6, 11 (2024). In other words, this provision—like its companion § 1252(a)(2)(B)(i)—"contains language indicating that the decision is entrusted to the Attorney General's discretion." *Id*. at 14 (quoting *Kucana v. Holder*, 558 U.S. 233, 246 (2010)). Section 1252(a)(2)(B)(ii) "bars judicial review of decisions 'made discretionary *by legislation*,'" not simply by a regulation. *Id*. at 17 (quoting *Kucana*, 558 U.S., at 246–247, with emphasis added by the *Bouarfa* Court).

As the Eighth Circuit Court of Appeals explained in *Thigulla*,

> Two elements trigger § 1252(a)(2)(B)(ii)'s jurisdictional bar: (1) a decision or action by the Attorney General or the Secretary of Homeland Security and (2) statutorily specified discretion under Subchapter II of Chapter 12 of Title 8 (8 U.S.C. §§ 1151–1381) (Subchapter II). *See Kucana v. Holder*, 558 U.S. 233, 253, 130 S.Ct. 827, 175 L.Ed.2d 694 (2010) (Alito, J., concurring) ("The phrase 'under this subchapter' refers to Subchapter II of Chapter 12 of Title 8, 8 U.S.C. §§ 1151–1381 . . . .").

*Thigulla*, 94 F.4th at 774. As to the second requirement, when Congress states in a statute that the Secretary "may" take certain action, that language "set[s] out the discretionary authority" of the Secretary. *Id*. at 775.

The Eighth Circuit went further in *Thigulla*. The court explained,

> In the same way [the statute bars review of the agency's determination], § 1252(a)(2)(B)(ii) bars this court's jurisdiction to review the decision to delay adjudicating the [discretionary matter], if that decision is specified under Subchapter II to be in the discretion of the Attorney General. *See Rajasekaran v. Hazuda*, 815 F.3d 1095, 1099-1100 (8th Cir. 2016) (holding § 1252(a) (2)(B)(ii) bars judicial review of the second of the three steps in the green card process, the revoking of I-140 form, because that action was within the discretion of the Attorney General).

*Thigulla*, 94 F.4th at 775. The court also recognized that there is a "tradition of agency discretion over internal procedures." 94 F.4th at 777 (quoting *Rajasekaran v. Hazuda*, 815 F.3d 1095, 1099 (8th Cir. 2016)). The Eighth Circuit reasoned that the absence of directives to the Secretary as to whether to grant a work authorization under 8 U.S.C. § 1255(a)—the matter at issue in that case—whether even to consider doing so, and how to make the determination placed those matters clearly within the "tradition of agency discretion over internal procedures." *Id*.

**D. Controlling Precedent Dictates that the Court Lacks Jurisdiction Over Johnston's Claim**

Under the INA, an alien who is inadmissible because the alien "has failed to present documentation of having received vaccinations against vaccine-preventable diseases" is "ineligible to receive visas and ineligible to be admitted to the United States." 8 U.S.C. § 1182(a)(1)(A)(ii). The Attorney General "may waive the application of . . . subsection (a)(1)(A)(ii) in the case of any alien . . . under such circumstances as the Attorney General provides by regulation, with respect to whom the requirement of such a vaccination would be contrary to the alien's religious beliefs or moral convictions." 8 U.S.C. § 1182(g)(2)(C). Thus, such a waiver is in the Attorney General's discretion. *Thigulla*, 94 F.4th at 775 (explaining that a statute stating

that the Attorney General "may" take some action is discretionary). Indeed, the language of § 1182(a) is similar to the language of § 1255(a) relied on in *Thigulla*. *Salameh v. Garland*, No. 4:22-cv-3258, 2024 WL 1742137, at *1 (D. Neb. April 23, 2024). To invoke that discretion, the alien must file a Form I-601.

In context, the discretionary "may" in § 1182(g)(2)(C) logically applies not just to the determination itself but also to whether to make such a determination at all and according to what process. *See Gonzalez v. Cuccinelli*, 985 F.3d 357, 371 (4th Cir. 2021) (explaining that § 1184(p)(6) allows the Secretary, if she chooses, in her discretion, to conduct an adjudication). Nothing in the statutory language of § 1182(g)(2)(C) compels the Secretary to make any determination. Furthermore, when Congress gave the Secretary discretion to make the determination, including whether to make the determination at all, Congress left to the Secretary the discretion to make the determination "under such circumstances as the Attorney General provides by regulation." 8 U.S.C. § 1182(g)(2)(C). Thus, Congress did not define the process the Secretary is to use to decide whether to waive inadmissibility based on lack of vaccinations. Again, in *Thigulla*, the Eighth Circuit recognized that there is a "tradition of agency discretion over internal procedures." 94 F.4th at 777 (quoting *Rajasekaran v. Hazuda*, 815 F.3d 1095, 1099 (8th Cir. 2016)). Thus, the absence of directives to the Secretary as to whether to grant a waiver of inadmissibility, whether even to consider doing so, and how to make the determination place those matters clearly within the "tradition of agency discretion over internal procedures." *Id.*

Similarly, another judge of this district concluded that § 1252(a)(2)(B)(ii) covers the Attorney General's discretionary decisions about how to prioritize and adjudicate I-601 applications, depriving the Court of jurisdiction to subject the decision to judicial review. *Boulay v. Jaddou*, 700 F. Supp. 3d 753, 758 (D. Neb. 2023). Yet another judge of this district also

concluded that "§ 1252(a)(2)(B)(ii) bars this [C]ourt's jurisdiction to review the decision to delay adjudicating the application for a waiver" of inadmissibility pursuant to I-601. *Salameh*, 2024 WL 1742137, at*2 (quoting *Thigulla*, 94 F.4th at 775).

In *Salameh*, the judge also observed,

> [L]ike the plaintiffs in *Thigulla*, the plaintiffs here "sued to compel agency action under the APA, not to consider a claim or question in a petition for review." . . . Therefore, § 1252(a)(2)(D) does not relieve the plaintiffs from § 1252(a)(2)(B)'s jurisdictional bar. *See Thigulla*, 94 F.4th at 777.

*Salameh*, 2024 WL 1742137, at *2. Likewise, Johnston has pointed to nothing that relieves her from § 1252(a)(2)(B)'s jurisdictional bar. She asserts that "the APA imposes a duty on agencies to act within a reasonable time." Filing 16 at 3. This argument fails under *Salameh* and *Thigulla*. *Thigulla*, 94 F.4th at 774 ("The APA's right to judicial review does not apply when 'statutes preclude judicial review.'" (quoting 5 U.S.C. § 701(a)(1)); *Salameh*, 2024 WL 1742137, at*2 (concluding that § 1252(a)(2)(B)'s jurisdictional bar applied to an APA delay claim under *Thigulla*).

Also unavailing is Johnston's reliance on 8 U.S.C. § 1571(b) as imposing an "obligation"—or at least an "expectation"—that USCIS will adjudicate applications, such as an application for a waiver, within a reasonable time frame, generally within 180 days of filing. *Compare* Filing 16 at 2 ("The delay also violates USCIS's statutory obligation under 8 U.S.C. § 1571(b), which establishes a congressional mandate to process immigration benefits within a reasonable time.") *with* Filing 16 at 3 ("Although not mandatory, this provision reflects Congress's expectation that applications will be adjudicated rather than left pending indefinitely."). Section 1571(b) is merely hortatory. It states,

> It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.

8 U.S.C. § 1571(b). A statute cast in terms of the "sense of Congress" that something "should be completed" within a certain time frame plainly lacks any compulsory language that could be construed to be a statutory scheme providing a timetable for agency action that supplies content for the adjudication of waiver applications. *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (*TRAC*). Thus, Johnston's assertion that § 1571(b) establishes a mandatory time frame is a "conclusory allegation[ ] of law" that the Court may disregard, even while giving Johnston Rule 12(b)(6) protections on Defendants' facial challenge to subject-matter jurisdiction under Rule 12(b)(1). *Stalley*, 509 F.3d at 521; *Smith*, 106 F.4th at 813 ("If [a Rule 12(b)(1) motion] is a facial attack, the court looks only at the pleadings and gives the non-moving party the same protections available under Rule 12(b)(6).").

Indeed, the Court is not convinced that there has been any "undue delay" that would plausibly state a claim for any relief in the first place. Johnston alleges that USCIS's delay—now more than two years and four months—is inconsistent with its processing times for similar applications, which typically conclude within six to eight months of receipt. Filing 1 at 3 (¶ 16); Filing 16 at 1 (¶ 7). According to the USCIS website, Processing Time for Application for Waiver of Grounds of Inadmissibility (I-601) at All Field Offices shows that 80% of cases are completed within 26.5 months, while Processing time for Application for Waiver of Grounds of Inadmissibility (I-601) at Service Center Operations (SCOPS) shows that 80% of cases are completed within 40.5 months. https://egov.uscis.gov/processing-times. Thus, Johnston's allegation that her I-601 should have been adjudicated in six to eight months and her allegation that a delay now totaling 28 months is unreasonable are not plausible. *Stalley*, 509 F.3d at 521 ("The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with

such a right."); *Davis*, 886 F.3d at 679 ("In a facial attack [on subject-matter jurisdiction], 'a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction.'" (quoting *Kerns*, 585 F.3d at 193).

In short, Johnston has fallen well short of carrying her burden of establishing subject matter jurisdiction. *Hilger*, 87 F.4th at 899. Section 1252(a)(2)(B) strips this Court of jurisdiction over her claims.

## III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that Defendants' Motion to Dismiss, Filing 14, is granted, and Plaintiff Jayme Elaine Johnston's Petition for Writ of Mandamus Under 28 U.S.C. § 1361, Filing 1, is dismissed in its entirety.

Judgment shall enter accordingly.

Dated this 31st day of August, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge